IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

**AMY WILLIAMS, Individually and on**                          **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                    No. 6:20-cv-223-ADA-JCM

**CORYELL COUNTY MEMORIAL**                                 **DEFENDANT**
**HOSPITAL AUTHORITY**

## JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND STIPULATION OF DISMISSAL

Plaintiff Amy Williams, individually and on behalf of all others similarly situated (collectively Plaintiffs) and Defendant Coryell County Memorial Hospital Authority, (collectively Parties), file this Joint Motion for Approval of FLSA Settlement and Stipulation of Dismissal. The Parties seek approval of their Settlement Agreement and Release of Claims ("Agreement"), attached hereto as Exhibit A, under Section 216(b) of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA").

This matter does not relate to settlement of a "class action" under Rule 23. The settlement affects only the individuals who are a party to this litigation and the attached Agreement, either as named Parties or Opt-in Plaintiffs who filed a Consent to Join Collective Action, agreeing to be bound by any settlement of this case. The Agreement does not affect the rights of any non-Parties. Furthermore, all outstanding issues in controversy in this case have been resolved and the case should be dismissed with prejudice. A proposed order dismissing the case is attached as Exhibit B.

Page 1 of 8
Amy Williams, et al. v. Coryell County Memorial Hospital Authority
U.S.D.C. (W.D. Tex.) Case No. 6:20-cv-223-ADA-JCM
Joint Motion for Approval of FLSA Settlement and Stipulation of Dismissal

## LEGAL STANDARD

When reviewing a proposed FLSA settlement, the district court must "scrutiniz[e] the settlement for fairness" and decide whether the proposed settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982). The endorsement of a proposed FLSA settlement by counsel for both Parties is a "factor that weighs in favor of approval" of an FLSA settlement agreement because "counsel for each side possess[es] the unique ability to assess the potential risks and rewards of litigation." *Quintanilla v. A&R Demolition, Inc.*, 2008 U.S. Dist. LEXIS 37449, at *14 (S.D. Tex. May 7, 2008). Settlements in the context of litigation, where there are bona fide issues in dispute and where employees are represented by "an attorney who can protect their rights under the statute" are to be approved by district courts "in order to promote the policy of encouraging settlement of litigation." *Lynn Foods*, 679 F.2d at 1354. While the Parties have different views of the merits of this case, the Parties agree the Agreement is fair and reasonable and represents a reasonable compromise of the disputed issues in this case.

## FACTUAL BACKGROUND

On March 25, 2020, Plaintiff Amy Williams filed a collective action complaint, on behalf of herself and all hourly-paid employees of Defendant who received nondiscretionary bonuses, seeking unpaid overtime wages under the ("FLSA"). (Doc. No. 1). On June 6, 2020, Plaintiff and Defendant filed a Joint Stipulation Regarding Conditional Certification and Notice to Collective Action Class Members, conditionally certifying the following class: "All hourly employees of Coryell County Memorial Hospital Authority ("Coryell") since June 12, 2017, to whom Coryell paid a bonus for work

Page 2 of 8
Amy Williams, et al. v. Coryell County Memorial Hospital Authority
U.S.D.C. (W.D. Tex.) Case No. 6:20-cv-223-ADA-JCM
Joint Motion for Approval of FLSA Settlement and Stipulation of Dismissal

performed, at least in part, during at least one week in which the employee worked more than forty (40) hours." (Doc. No. 12).

Notice was issued to the collective and the 60-day opt-in period closed on August 26, 2020. Fifty-nine plaintiffs opted into this lawsuit ("Opt-in Plaintiffs") for a total of sixty Plaintiffs. Following the opt-in period, Defendant produced Plaintiffs' payroll records. Analysis of these records allowed counsel to calculate the amount of unpaid overtime wages based upon Plaintiffs' claim that they had received nondiscretionary bonuses that were not included in their regular rate of pay used to calculate overtime.

Defendant denied Plaintiffs' allegations. Defendant specifically denied that any payments received constituted nondiscretionary bonuses that should have been included in the regular rate of pay for the calculation of overtime. Defendants also denied that they had willfully violated the FLSA.

Following a period of negotiation and mediation, the Parties reached an agreement to settle the matter and entered into the Agreement. The settlement was reached as a result of arms-lengths negotiations, conducted by experienced counsel. The Parties feel that the terms of the settlement are fair, reasonable, and appropriate to all the Parties involved given the allegations in this lawsuit. The Parties have finalized those details and now submit the Agreement to the Court for review and approval. Further, the Parties request that the Court dismiss this case with prejudice.

## SETTLEMENT IS FAIR AND REASONABLE

A.     The Facts and Law Are in Dispute

The Parties' settlement is fair and reasonable because significant uncertainty

Page 3 of 8
Amy Williams, et al. v. Coryell County Memorial Hospital Authority
U.S.D.C. (W.D. Tex.) Case No. 6:20-cv-223-ADA-JCM
Joint Motion for Approval of FLSA Settlement and Stipulation of Dismissal

exists in this case with respect to the facts and the legal standards at issue. Plaintiff claims she and Opt-in Plaintiffs were not paid a proper overtime rate because Defendant calculated their overtime pay without including the value of nondiscretionary bonuses that Defendant provided to them. Defendants denied these allegations and asserted that Plaintiffs were paid properly.

B.     Calculation of the Settlement Amount

Due to the conflicting factual allegations and differing views on the applicable law, the Parties have agreed that the amounts reflected in the Agreement are in the best interest of the Parties. Plaintiffs will receive a pro rata share of a $10,500.00 Settlement Fund, from which Plaintiff will also be paid a $200.00 service award for her time spent litigating the lawsuit. <u>The award to Plaintiff and each Opt-in Plaintiff equals 137% of their alleged overtime owed</u>. The settlement allows the Parties to resolve the claims at issue without the necessity or delay of trial and possible appeals. In exchange for these payments, Plaintiffs release Defendant from any and all claims for overtime compensation, minimum wages, liquidated damages, penalties and interest, attorney's fees and costs under the FLSA or any other applicable federal, state, or local laws (including statutory and common law claims for breach of contract, unjust enrichment or other common law claims relating to wage and hour issues) arising out of state statute or common law and related to that Plaintiff's employment with Defendant up to the date each Plaintiff consented to join this case.

C.     Attorneys' Fees

Under the FLSA, an award of reasonable attorneys' fees and costs to prevailing plaintiffs is mandatory. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to

Page 4 of 8
Amy Williams, et al. v. Coryell County Memorial Hospital Authority
U.S.D.C. (W.D. Tex.) Case No. 6:20-cv-223-ADA-JCM
Joint Motion for Approval of FLSA Settlement and Stipulation of Dismissal

any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); *Collins v. Barney's Barn, Inc.*, Case No. 4:12-cv-685-SWW (E.D. Ark. 10/16/2014) ("An award of attorney's fees and costs to the prevailing employee is mandatory under § 216(b), but the amount of the award is within the discretion of the court."). A stipulated agreement of attorney fees in private settlement is afforded more deference than in a disputed case. *See Melgar v. OK Foods, Inc.*, 902 F.3d 775, 778–80 (8th Cir. 2018) ("where the parties have already agreed upon the fees to be paid, any required review need not be a line-by-line, hour-by-hour review of the attorneys' fees."). Courts value the private settlement of attorneys' fees because it prevents unnecessary litigation, and 29 U.S.C. § 216 "does not require approval of settled attorney fees." *Barbee*, 927 F.3d at 1027. Nevertheless, a district court does retain the authority to ensure that the attorneys' fees were "negotiated separately and without regard to the plaintiff's FLSA claim, and there was no conflict of interest between the attorney and his or her client." *Id.* at 1027 n.1.

Attorneys representing Plaintiffs incurred substantial case costs and fees litigating this case, including investigating the claims, securing a collective action class, sending collective action notice, analyzing records, coordinating discussions with Plaintiff, and negotiating a settlement. Pursuant to the Agreement, Plaintiffs' counsel will receive $22,956.69 for attorneys' fees and costs, which represents <u>approximately 65% of their actual fees and costs incurred</u>. Plaintiffs' counsel has achieved a settlement that compensates Plaintiff and Opt-in Plaintiffs for their alleged lost overtime wages. Under Defendants' theory, Plaintiffs would not be entitled to damages. Plaintiffs' counsel's work provided a significant benefit to Plaintiffs. Because the attorney's fee was negotiated

Page 5 of 8
Amy Williams, et al. v. Coryell County Memorial Hospital Authority
U.S.D.C. (W.D. Tex.) Case No. 6:20-cv-223-ADA-JCM
Joint Motion for Approval of FLSA Settlement and Stipulation of Dismissal

separately, no conflict could exist between Plaintiffs and their counsel and this resolution sufficiently resolves all matters before the Court.

D. <u>The Court Should Dismiss the Case</u>

If the Court approves the Agreement, it should also dismiss the case. The Parties agree that the Agreement resolves all claims and damages asserted by Plaintiff on behalf of herself and Opt-in Plaintiffs in the lawsuit. Consequently, the Parties respectfully request that the Court enter an order dismissing this case with prejudice.

## CONCLUSION

The terms of the settlement have been approved by Plaintiff, her counsel, Defendant, and Defendant's counsel. The settlement was negotiated at arm's length, with both sides ably represented by counsel. The Parties entered into the Agreement voluntarily and knowingly. The Parties agree that the terms of the Agreement are reasonable, fair and just, and the Agreement settles all claims in this lawsuit. For the foregoing reasons, the Parties respectfully request that the Court enter an order approving their settlement agreement and dismissing the case with prejudice.

**Page 6 of 8**
**Amy Williams, et al. v. Coryell County Memorial Hospital Authority**
**U.S.D.C. (W.D. Tex.) Case No. 6:20-cv-223-ADA-JCM**
**Joint Motion for Approval of FLSA Settlement and Stipulation of Dismissal**

Respectfully submitted,

**AMY WILLIAMS, Individually
and on Behalf of all Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Merideth Q. McEntire
Tex. Bar No. 24105123
merideth@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com

and   **CORYELL COUNTY MEMORIAL
HOSPITAL AUTHORITY, DEFENDANT**

WALLER LANDSEN DORTCH & DAVIS, LLP
100 Congress Avenue, 18th Floor
Austin, TX 78701
Telephone: (512) 685-6405

*/s/ Kevin Brown*
Kevin Brown
Tex. Bar No. 24045222
kevin.brown@wallerlaw.com

Tori Harrison
Tex. Bar No. 24109976
tori.harrison@wallerlaw.com

**Page 7 of 8
Amy Williams, et al. v. Coryell County Memorial Hospital Authority
U.S.D.C. (W.D. Tex.) Case No. 6:20-cv-223-ADA-JCM
Joint Motion for Approval of FLSA Settlement and Stipulation of Dismissal**

## CERTIFICATE OF SERVICE

I, the undersigned counsel, do hereby certify that on the date imprinted by the CM/ECF system, a copy of the foregoing Joint Motion was filed via the CM/ECF system, which will provide notice to the following attorneys of record:

Kevin Brown, Esq.
kevin.brown@wallerlaw.com

Tori Harrison, Esq.
tori.harrison@wallerlaw.com

                          */s/ Josh Sanford*
                          **Josh Sanford**

**Page 8 of 8**
**Amy Williams, et al. v. Coryell County Memorial Hospital Authority**
**U.S.D.C. (W.D. Tex.) Case No. 6:20-cv-223-ADA-JCM**
**Joint Motion for Approval of FLSA Settlement and Stipulation of Dismissal**